A. Stanley Copeland, Plaintiff, v. William J. Donovan, Defendant.

County Court, Erie County, March 12, 1925.

**Malicious prosecution — public officers — action against Federal district attorney predicated upon arrest of plaintiff for violation of Volstead Act and for failure to prosecute — acts of defendant done in official capacity and privileged — complaint dismissed.**

Acts done by a public prosecutor in his official capacity and pertinent to the proper discharge of his duties are privileged and, therefore, are not actionable.

Accordingly, plaintiff's complaint in an action against the defendant, a Federal district attorney, for alleged unlawful and malicious acts arising from the arrest of the plaintiff for a violation of the Volstead Act and the procuring of an order for the examination of the plaintiff as a " suspected lunatic " should be dismissed as failing to state a cause of action, where it appears that the plaintiff, who claimed to be a leader of a certain religious sect, publicly violated the Volstead Act and was arrested for the said violation, and that subsequently the defendant refused to prosecute upon the ground that the plaintiff was " mentally sick," since the defendant was justified in suspecting that the plaintiff was suffering from a mental ailment, and though no provision is made by Federal statute for the mental examination of a party, the attempt of the defendant to procure such an examination and his subsequent refusal to prosecute is a commendable and not a malicious act.

Motion to dismiss complaint in action for malicious prosecution.

*Frank G. Raichle*, for the motion.

*A. Stanley Copeland*, in person, opposed.

Noonan, J.:

In his complaint the plaintiff alleges that he is the " leader of the Joy Christian Church, a duly registered religious association of Buffalo, N. Y." As such leader he claims the right to use, in his church ceremonies, liquor containing more than one-half of one per cent of alcohol allowed by the Federal statute, upon the theory that where civil laws conflict with the biblical, the latter must prevail. To test the validity of his theory he has deliberately and publicly violated the law and sought to be arrested and tried.

The defendant, at the time of the commencement of this action, was, and for some time prior thereto had been, the duly appointed United States District Attorney for the Western District of New York, and in his official capacity, after the plaintiff had been arrested for violating the Federal statutes relating to the sale of intoxicating beverages, procured an order from the United States District Judge for the examination of the plaintiff as a " suspected lunatic," but the plaintiff refused to submit to the examination; and later,

in court, defendant refused to prosecute the charge against the plaintiff on the ground that he was " mentally sick."

Upon the theory that said acts of the defendant, all done in his official capacity, were unlawful, unwarranted and malicious, and in violation of his constitutional rights as a citizen, the plaintiff sued the defendant for damages. The plaintiff has an erroneous theory of the law. The Supreme Court of the United States held in *Reynolds* v. *United States* (98 U. S. 145, 166, 167) that a party's religious belief cannot be accepted as a justification for his committing an overt act, made criminal by the law of the land, and that " laws are made for the government of *actions*, and while they cannot interfere with mere religious *belief* and *opinions*, they may with *practices*." In *Davis* v. *Beason* (133 U. S. 333, 345) the court said " crime is not the less odious because sanctioned by what any particular sect may designate as religion."

The pretense of religious belief cannot deprive Congress of the power to prohibit polygamy and all other open offenses against the enlightened sentiment of mankind. (*Mormon Church* v. *United States*, 136 U. S. 1, 50.)

The law in this State is in accord with the foregoing decisions of the United States Supreme Court. (*People* v. *Cole*, 219 N. Y. 98; *People* v. *Vogelgesang*, 221 id. 290.)

Where a person deliberately and persistently violates the law of his country, a prosecuting officer is justified in " suspecting " that something may be mentally wrong with such a person, and an attempt to have a mental examination of the party, though no provision is made for it by Federal statute, is a commendable and not a malicious act; and the refusal to prosecute a person suspected of being mentally unbalanced is praiseworthy rather than actionable.

From the original and amended complaints it clearly appears that all the acts complained of were done by the defendant in his official capacity and were pertinent to the proper discharge of his duties. Such acts are absolutely privileged and, therefore, not actionable. It has long been the law that " Neither party, witness, counsel, jury or judge, can be put to answer, civilly or criminally, for words spoken in office." (Lord MANSFIELD in *R.* v. *Skinner*, Lofft, 55, reaffirmed in *Andrews* v. *Gardiner*, 224 N. Y. 440, 446.) Any other rule would compel a public prosecutor to devote the most of his time to defending himself instead of prosecuting offenders.

The plaintiff has failed to state a cause of action in his complaint (with its amendments), and it must be dismissed, with costs, and an order may be entered to that effect.